The Ci-iiee Justice
said, in the course of the argument in this cause, that the practice above mentioned was illegal and improper ; for, the orphans’ courts ought, instead of bonds, which are a mere personal security, to take recognisances, by which the lands themselves would be bound for the payment of the distributive shares. He added, that the court would not enter into a retrospect upon this subject; but that, for the future, they would expect a conformity to the opinion now given. (b)

 In Beatty v. Smith, 4 Yeates 102; which was an action on a recognisance for a distributive share, the court said that “a recognisance in the orphans’ court is in the nature of a judgment,” and they refused to admit evidence of circumstances which occurred previous to the recognisance, offered to reduce the amount for which it was given. How far the lien extended; whether, like a judgment, it bound all the lands of the heir by whom it was given and those also of the surety, where there was one, or affected only the particular' land taken by the heir at the valuation, has long been disputed. In Taggart v. Cooper, 1 S. & R. 497; C. J. Tilghman declined giving an opinion upon the point. In Kean v. Franklin, 5 Id. 155, the same learned judge remarked “ It is now thirty years since Chief Justice McKean laid it down in Walton v. Willis, that a recognisance of this kind was a lien, and therefore, ought always to be taken by the orphans’ court; and he censured those courts for sometimes taking bonds which were no lien. From that time, it may safely be asserted, that these recognisances have been generally understood to be a lien.” It was decided also, in that case, that the recognisance bound the particular lands in the hands of a purchaser for a valuable consideration, without notice. The question of the extent of the lien was finally decided, in the late case of Allen v. Reesor, 16 S. & R. 10; where it was held, that the recognisance bound only the lands of the intestate, taken at the valuation. In the learned and elaborate opinion pronounced by C. J. Gibson, in that case, he examined the law of recognisance, both England and this state, and came to the conclusion, that in the case of distributive shares, the lien of a recognisance existed only by custom, and that the same custom had restricted it to the particular lands taken by the conusor. Of the *277 case in the text, he remarked, “Next came Walton ©. Willis, the authority of which, as a case in point, is absolutely nothing. What was said, was not the point decided, but the diatum of a single judge, thrown out in the course of the argument, without reflection, and under a mistaken impression of the law. Still, as the foundation of a practice, which has produced an important anomaly, it is worthy of particular consider ation. But, although it be altogether certain, that Chief Justice McKean was under a momentary impression that a recognisance was a lien generally, yet, what ho did say, was in relation to the case immediately under consideration, and was restricted in very special terms, to the lands taken at the valuation, and acquired by the confirmation of the orphans’ court; and in this restricted sense, it has been understood by a decided majority of the profession.”
Upon the subject of the security given for payment of distributive shares, see also Hubley v. Hamilton, 1 Yeates 392; Davis v. Houston, 2 Id. 289; Yohe v. Barnet, 1 Binn. 358; Taggart v. Cooper, 1 S. & R. 497; Kean v. Franklin, 5 Id. 147; Reigart v. Ellmaker, 6 Id. 44; Kean v. Ellmaker, 7 Id. 1; Smith v. Scudder, 11 Id. 325; Shaupe v Shaupe, 12 Id. 9; Reigart v. Ellmaker, 14 Id. 121; Franks v. Groff, Id. 181; and Kean v. Ridgway, 16 Id. 60.